UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TOMMY ADAMS, a.k.a The King of Salem,
a.k.a. The Ancient of Days,

                          Plaintiff,

               - against -

JAMIE DIMON, Chairman and C.E.O.,
JPMorgan Chase Incorporated,

                         Defendant.
------------------------------------------------------------x

MEMORANDUM
AND ORDER
15-CV-6087 (JG)

JOHN GLEESON, United States District Judge:

        On October 16, 2015, plaintiff filed this *in forma pauperis* action *pro se* seeking damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. I dismiss the complaint for the reasons set forth below.

## DISCUSSION

A.    *Standard of Review*

        A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Additionally, a complaint that is "so confused, ambiguous, vague or

otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

When a plaintiff proceeds without legal representation, the Court must regard that plaintiff's complaint in a more liberal light, affording his pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

B.  *Plaintiff's Complaint*

The instant action, like plaintiff's four prior actions, is frivolous and delusional. A court may dismiss a claim as "factually frivolous" if the pleaded facts are "clearly baseless"— that is, if they are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32– 33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)) (quotation marks omitted). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.*" Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In *Denton v. Hernandez*, the Supreme Court noted that the *in forma pauperis* statute, unlike Rule 12(b)(6) of the Federal Rules of Civil Procedure, "accords judges not only

the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 504 U.S. at 32-33 (internal quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 34.

Adams's allegations rise to the level of the irrational. Plaintiff brings this claim against the Chairman and C.E.O. of JP Morgan Chase. He maintains that in 2011 he was "given the solution to the unified field theory problem of physics through the mysterious workings of the Holy Spirit by the power of our Lord and savior, Jesus Christ." ECF Dkt. No. 1, at 2. According to an excerpt from a 2011 letter plaintiff includes with his complaint, "[t]he key to finding a unified theorem of physics lays in understanding the fact that a Christian is simply somebody that loves all the Christians of the world, a Muslim all the Muslims of the world, and a Jew all the Jews of the world." *Id.* at 6. In November and December 2013, Adams sent letters regarding his revelation to the presidents of many universities and academic societies, President Obama and Michelle Obama, the Internal Revenue Service, and the C.E.O.s of the world's largest banks, including the defendant. Two examples of the letters are included with the complaint. *Id.* at 7-10. In these letters, he shares his discovery and seeks the opening of an account in his name and a "debit card with a few billion dollars on it." *Id.* at 7, 9. None of the banks responded to his letters. He alleges in this complaint that for his failure to do so, "Mr. Dimon is guilty of defamation, bigotry, and racial discrimination." *Id.* at 2. He seeks "compensation for the decades of instruction I've handed the world seemingly without cost" and "an injunction to JP Morgan Chase making me majority stock holder in all it[]s businesses . . .

3

[and] an account . . . with no less than a billion dollars cash." *Id.* at 12.

Adams's allegations are fantastic and "wholly incredible." *Denton*, 504 U.S. at 33. The claim he has presented to this Court is factually frivolous and without any legal basis. *Id.*; *Mecca v. U.S. Government*, 232 F. App'x 66, 66-67 (2d Cir. 2007) (affirming dismissal of complaint that was "replete with fantastic and delusional scenarios."). As the complaint is frivolous, this action is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

I have considered affording plaintiff an opportunity to amend the complaint. However, because the complaint is based on a fanciful factual scenario that could not be cured by amendment, I conclude that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile.").

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, plaintiff is warned against the filing of future frivolous actions. The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins,* 510 F.3d 152, 156 (2d Cir. 2007) (noting that ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit"). Should Adams persist in filing frivolous actions in this Court, I may direct him to show cause as to why an order barring the acceptance of future *in forma pauperis* complaints without first obtaining leave of the Court should not be entered. *See* 28 U.S.C. § 1651.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 13, 2015